UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-334-H

ROGER LEE MINNIFIELD, PRO SE                        PLAINTIFF

V.

SHERIFF CHARLIE BROWN                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Charlie Brown, in his official capacity as an Officer for the Jefferson County Sheriff's Office (the "Defendant" or "Brown"), has moved for summary judgment. Plaintiff's limited response to the motion does not address the salient issues. For the reasons that follow, the Court cannot see any basis for a reasonable jury to conclude in Plaintiff's favor.

I.

On or about May 10, 2010, Plaintiff, Roger Lee Minnifield (the "Plaintiff"), filed this *pro se* civil rights action against Brown, in his official capacity as an Officer for the Jefferson County Sheriff's Office (hereinafter "JCSO"), alleging violation of his Eighth and Fourteenth Amendment rights. Specifically, Plaintiff claims that on June 21, 2009, during a verbal altercation between himself and a female passerby, Brown approached the scene as Plaintiff was peddling away on his bicycle. Plaintiff alleges that Brown struck/rammed him from behind (in alley by flower shop) with his sheriff vehicle. Plaintiff further alleges having several injuries as a result and being transported to University of Louisville Hospital. Following his discharge, Plaintiff claims he was jailed for "bogus charges," which were soon dismissed.

Pursuant to its initial screening of Plaintiff's *pro se* § 1983 complaint, this Court entered

a Memorandum and Order on May 25, 2010, dismissing Plaintiff's Eighth Amendment claim as inapplicable, but construing his complaint as sufficiently alleging Fourth and Fourteenth Amendment claims and allowing those claims to proceed for further development.  Discovery has now closed in this matter.

## II.

Summary judgment is appropriate when the depositions, affidavits, and other evidence, taken in the light most favorable to the non-moving party, demonstrate that there are no genuine issues of material fact left for resolution at trial, and that the moving party is entitled to a decision in his favor as a matter of law.  F.R.C.P. 56(c); *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  In a trilogy of cases decided by the United States Supreme Court in 1986, the Court held that "[t]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith, supra*.  Based upon the legal arguments set out below, and taking the record evidence in the light most favorable to Plaintiff, no genuine issues of material fact exist and Defendant is entitled to summary judgment as a matter of law.

## III.

Suits against individuals in their official capacities are the equivalent of suits against the governmental entity itself.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Put another way, official capacity claims against public employees are equivalent to lawsuits against the public entity that the employee represents.  *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th

Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Brown is sued in only his official capacity as an Officer for JCSO. This official capacity claim is merely another way of stating a claim against Jefferson County. Accordingly, to the extent Plaintiff asserts an official capacity claim against Brown, it must be considered and construed as a claim against Jefferson County, the entity he represents. As such, the claims against him in his official capacity are duplicative of any claims which may be asserted against Jefferson County and should be dismissed as a matter of law.

Further, assuming Jefferson County is the proper party against whom Plaintiff's claim has been made, in a § 1983 action against a governmental entity like Jefferson County the Court must analyze two distinct issues: whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether Jefferson County is responsible for that violation. *Cook v. Southern Health Partners*, 2009 WL 1409713, *3 (W.D. Ky. 2009) (citing *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992)). *See also Spradlin v. Osborne*, 2010 WL 3069072 (W.D. Ky. 2010); *Morton v. Daviess County Detention Center,* 2009 WL 960495 (W.D. Ky. 2009).

Further, Jefferson County "cannot be held liable under §1983 on a *respondeat superior* theory." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). In order to state a claim against a municipality for an alleged constitutional violation, a plaintiff must show that the municipality was a "moving force" behind a custom or practice of permitting such constitutional violations. *Id.* Plaintiff's claim of liability under 42 U.S.C. § 1983 against Jefferson County must be based on "more than *respondeat superior* or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 294, 300 (6th Cir. 1999).

Moreover, a complaint filed under § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation. *Monell v. Dept. of Social Serv., supra* at 691; *Cook v. Southern Health Partners, supra*. "Congress did not intend § 1983 liability to attach where causation is absent." *Id.* (quoting *Deaton v. Montgomery County,* 989 F.2d 885, 889 (6th Cir. 1993)). To establish causation, a plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id. See also Morton v. Daviess County Detention Center, supra.*

Here, Plaintiff has not alleged a policy or custom at JCSO, nor can he put forth any evidence establishing a policy or custom, that contributed to the alleged constitutional violation raised in this case. Plaintiff likewise has not alleged a direct causal link between JCSO policy and the alleged constitutional violation. At most, Plaintiff suggests *respondeat superior* liability, listing in his prayer for relief that the Court hear "clear facts of *official misconduct by Sheriff C. Brown*." (R.1, Plaintiff's Complaint, p. 3) (emphasis added). However, Brown cannot be held liable for claims asserted against him in his official capacity on a *respondeat superior* basis. *Monell v. Dept. of Social Services, supra* at 691. Thus, the claims against him should be dismissed. *See Cook v. Southern Health Partners, supra* at *4; *Spradlin v. Osborne, supra* at *2; *Morton v. Daviess County Detention Center, supra* at *5.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Plaintiff, *Pro Se*
         Counsel of Record